VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    22-AP-247

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2023

Angel White\* v. Department of Labor      }    APPEALED FROM:
                                                       }    Employment Security Board
                                                       }    CASE NO. 10-21-040-01

In the above-entitled cause, the Clerk will enter:

Claimant appeals from a decision of the Employment Security Board concluding that she failed to search for work as required, was ineligible for unemployment benefits, and was obligated to repay those benefits.  We affirm.

Claimant filed for unemployment benefits after she was laid off due to the COVID-19 pandemic.  In September 2021, a claims adjudicator found she did not meet the availability requirements for certain weeks because she failed to search for work as directed by the Department of Labor.  She was denied benefits for the weeks ending July 31, 2021, to August 28, 2021, and ordered to repay benefits of $2,709.

Claimant appealed to a hearing officer.  At the hearing, claimant testified that she did not conduct a job search because she was waiting for her prior employer to call her back.  Claimant provided a letter from her employer from May 2020 indicating that her employer intended to have people return to work in August 2020.  She admitted that she did not have a specific return date and that Department employees told her that she had to do work searches, she was not exempt from that requirement, and a failure to search could make her ineligible for benefits.  Based on the evidence presented, the hearing officer found that claimant did not make and report three job contacts for any of the weeks ending July 31, 2021, to August 28, 2021.  The hearing officer also found that the Department warned claimant that she could be found liable to repay benefits if she did not complete a work search.  The hearing officer concluded that claimant was not exempt from searching for work because the exemption applied only when there was a specific return-to-work date within ten weeks of opening a claim.  The hearing officer concluded that claimant was ineligible for benefits and there was no inequity in requiring repayment given the Department's warnings to claimant.

Claimant appealed to the Board, arguing that she was indeed available to work and did not search for work because she was waiting return to her prior employment. The Board affirmed the hearing officer's decision. Claimant now appeals to this Court.

We apply a "highly deferential" standard to decisions of the Board and will uphold the Board's factual findings unless clearly erroneous. Beasley v. Dep't of Lab., 2018 VT 104, ¶ 9, 208 Vt. 433 (quotation omitted). We also defer to the Board's "interpretations of the statutes it is charged with administering." Id. (quotation omitted).

On appeal, claimant argues that she should not be required to repay her benefits. Claimant asserts that the Department employees who assisted with her claims improperly answered "no" to the question of whether she was able and available for work.

We conclude that the Board did not err in concluding that claimant was ineligible for benefits. Pursuant to statute, to receive unemployment benefits claimants must be "able to work" and "available for work." 21 V.S.A. § 1343(a)(3). These words have particular definitions under the unemployment scheme and include making efforts to obtain suitable work "as the Commissioner may reasonably direct" and providing proper evidence of that search. 21 V.S.A. § 1343(a)(3). Claimants are disqualified for benefits if they fail without good cause to "apply for available, suitable work when directed" by the Department. Id. § 1344(a)(2)(C).

Notwithstanding claimant's assertion that she was able to work, the evidence supports the Board's finding that claimant was not able and available to work because she failed to make efforts to obtain work. The Department notes from claimant's inquiries indicate that claimant reported she was not searching for work. Further, claimant admitted at the hearing that she did not make job contacts. Department employees warned claimant that failure to search for work could result in denial of benefits. Because claimant indicated she was not searching for work, the Department did not err in indicating that she was not able and available to work.

The Board also did not err in rejecting claimant's assertion that she did not need to engage in a work search to continue receiving benefits because she would be returning to her prior employment at some unspecified time. Work search is defined by the Board rules as "a bona fide attempt to find work by making at least three valid job contacts during any week for which the claimant files a claim for benefits." Rules of the Vermont Employment Security Board, Rule 2(V), Code of Vt. Rules 24 005 001 [hereinafter ESB Rules], https://labor.vermont.gov/sites/labor/files/doc_library/EmploymentSecurityBoardRules_Amended_Effective10.01.19.pdf [https://perma.cc/G94Z-6S3N]. The work-search requirement is waived in certain circumstances including when "[t]he claimant has a return-to-work date within a timeframe specified by the Commissioner." ESB Rule 2(V)(3). The claimant handbook provides that claimants must have a specific return to work date within ten weeks of an initial benefit to be exempt from the work-search requirement. Vt. Dep't of Lab., Vermont Claimant Handbook 9 (2022), https://labor.vermont.gov/sites/labor/files/doc_library/VT%20Dept%20Labor%20-%20B11Claimant%20Feb%2022.pdf [https://perma.cc/8ACB-58CN].

The evidence supports the Board's finding that claimant did not have a specific return to work date in this time frame and was therefore not exempt. Although claimant provided a letter from her employer indicating that it hoped to return employees to work, the letter was from the

previous year and did not provide a specific return date relative to claimant's 2021 benefits. The Department warned claimant that she needed to engage in a work search but she chose not to do so. The Board's findings that claimant did not search for work and was not exempt are supported by the record and those findings in turn support its legal conclusion that claimant was ineligible for benefits and obligated to repay benefits.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice